# EXHIBIT 1

# EXHIBIT 1

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/30/2014** at 03:05:45 PM

Clerk of the Superior Court
By Sarah Loose,Deputy Clerk

1  JAMES R. HAWKINS, SBN 192925
   GREGORY MAURO, SBN 222239
2  JAMES R. HAWKINS, APLC
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone 949.387-7200
4  Fax 949.387-6676
   james@jameshawkinsaplc.com
5  greg@jameshawkinsaplc.com

6  Attorneys for Plaintiff DANIEL SCOTT Individually and
   on Behalf of Other Members of the Public Similarly Situated,

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          IN AND FOR THE COUNTY OF ORANGE, CIVIL COMPLEX

10

11  DANIEL SCOTT, Individually and          )  **Case No.**   30-2014-00754097-CU-OE-CXC
    on Behalf of Other Members of the Public )              Judge Steven L. Perk
12  Similarly Situated,                       )  *Assigned for all purposes to:*
                                              )
13              Plaintiffs,                    )  **CLASS ACTION COMPLAINT**
                                              )  **PURSUANT TO CALIFORNIA CODE**
14  vs.                                        )  **OF CIVIL PROCEDURE §382 FOR:**
                                              )
15  HSS INC., and DOES 1-10, inclusive,       )  (1) FAILURE TO PROVIDE MEAL
                                              )      PERIODS;
16              Defendants.                    )
                                              )  (2) FAILURE TO PROVIDE REST
17                                             )      PERIODS;
                                              )
18                                             )  (3) FAILURE TO TIMELY PAY WAGES
                                              )      LABOR CODE §§ 201, 202-203;
19                                             )
                                              )  (4) FAILURE TO TIMELY PAY WAGES
20                                             )      LABOR CODE §§ 201.3
                                              )
21                                             )  (5) FAILURE TO PROVIDE ACCURATE
                                              )      ITEMIZED WAGE STATEMENTS
22                                             )
                                              )  (6) UNFAIR COMPETITION.
23                                             )
                                              )
24                                             )
                                              )  **DEMAND FOR JURY TRIAL**
25                                             )
                                              )
26                                             )
                                              )
27  _____ )
28

                        CLASS ACTION COMPLAINT

EXHIBIT 1
-14-

Plaintiff DANIEL SCOTT ("Plaintiff"), individually and behalf of other members of the public similarly situated is informed and believes, and thereon alleges as follows:

## I. GENERAL ALLEGATIONS

1.     This is a Class Action brought pursuant to Code of Civil Procedures § 382 on behalf of Plaintiff and all other persons similarly situated who are or have been employed in a non-exempt security guard/officer position by HSS INC. within the State of California. Plaintiff seeks relief on a class-wide basis challenging the unlawful business practices engaged in by Defendant HSS INC., and DOES 1 through 10, inclusive (collectively "HSS" and/or "Defendants") of failing to pay the Plaintiff Class in accordance with California wage and hour laws.

2.     The "Class Period" is designated as the time from the date of the filing of the complaint through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing since that time.

3.     During the Class Period, Defendants have had a consistent policy of failing to authorize and permit members of the Plaintiff Class (including Plaintiff) to take paid rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof, and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws.

4.     During the Class Period, Defendants have had a consistent policy of requiring members of the Plaintiff Class (including Plaintiff) to work more than five (5) hours without providing them an uninterrupted, unrestricted meal period and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California sate wage and hour laws.

5.     During the Class Period, Defendants have had a consistent policy of failing to timely pay all wages due and owing for such meal and rest period premiums upon separation from Defendants' employ.

6.     During the Class Period, Defendants have had a consistent policy of failing to pay its security guards weekly, as opposed to bi-weekly the earned wages

7.     During the Class Period, Defendants have had a consistent policy of failing to

- 2 -
CLASS ACTION COMPLAINT

EXHIBIT 1
-15-

1  provide accurate itemized wage statements and also failed to provide the inclusive dates on wage

2  statements for retroactive pay.

3      8.      Plaintiff, on behalf of himself and the proposed Class Members brings this action

4  pursuant to Labor Code §§ 201, 201.3, 202, 203, 204, 226, 226.7, 512, and California Code of

5  Regulations, Title 8, Section 11040 and other applicable laws, seeking unpaid rest and meal period

6  compensation, penalties, injunctive and other equitable relief, and as well as for reasonable

7  attorneys' fees and costs, and such other relief as may be available, all according to proof at trial.

8      9.      Pursuant to Business Code §§ 17200-17208, Plaintiff, on behalf of himself and all

9  proposed Class Members, also seeks injunctive relief and restitution of all benefits Defendants

10  enjoyed as a result of the wage and hour violations alleged in this Complaint.

11                          **II.  JURISDICTION AND VENUE**

12      10.     This class action is brought pursuant to California Code of Civil Procedure §382.

13  The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits

14  of the California Superior Court and will be established according to proof at trial.

15      11.     This Court has jurisdiction over this action pursuant to the California Constitution

16  Article VI §10, which grants the California Superior Court original jurisdiction in all causes except

17  those given by statute to other courts.  The statutes under which this action is brought do not give

18  jurisdiction to any other court.

19      12.     This Court has jurisdiction over Defendants because, upon information and belief,

20  each Defendant is either a resident of California, has sufficient minimum contacts in California, or

21  otherwise intentionally avails itself of the California market so as to render the exercise of

22  jurisdiction over it by the California Courts consistent with traditional notions of fair play and

23  substantial justice.

24      13.     This Court also has jurisdiction in this matter because the individual claims of the

25  members of the Classes herein are based solely on California statutes and law, including the Labor

26  Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

27      14.     Venue is proper in this Court because upon information and belief, one or more of

28  the Defendants, reside, transact business, or have offices in this County and the acts or omissions

- 3 -
CLASS ACTION COMPLAINT

EXHIBIT 1
-16-

1   alleged herein took place in this County.

2   ### III.  PARTIES

3   **A.    PLAINTIFF**

4        15.    This Class Action is maintained on behalf of a Class of past and present employees

5   of HSS who have been and/or now are employed as non-exempt security guards/officers within the

6   State of California.

7        16.    During the Class Period, plaintiff Daniel Scott ("Scott") was employed by HSS in a

8   non-exempt security guard/officer position until approximately May 2014.  During the Class

9   Period, Defendant assigned Plaintiff to work at various client locations throughout Orange County

10  such as Laguna Niguel and Mission Viejo.

11       17.    In said position, Plaintiff worked, during the Class Period, four (4) hours or a major

12  fraction thereof, without being authorized and permitted to take a minimum ten minute paid rest

13  period for every four (4) hours or a major fraction thereof worked, and without being compensated

14  one (1) hour of pay at their regular rate of compensation for each workday that a rest period was

15  not afforded.

16       18.    In said position, Plaintiff was and is permitted to work and did work, during the

17  Class Period, shifts exceeding five (5) hours without being provided an uninterrupted, unrestricted

18  meal period of not less than thirty (30) minutes, and without being compensated one (1) hour of

19  pay at their regular rate of compensation for each workday that a meal period was not afforded.

20       19.    As a result, Plaintiff was not paid the correct amount of wages due, as required

21  under California law during the course of the employment with HSS.  Plaintiff has been injured by

22  the illegal practices and conduct alleged herein.  Plaintiff's claims under California law are similar

23  to and typical of the claims of the members of the Plaintiff Class.

24  **B.    DEFENDANTS**

25       20.    At all times relevant hereto, Defendant HSS, INC. and DOES 1 through 10,

26  inclusive (collectively "HSS" and/or "Defendants"), are a domestic corporation qualified to and

27  doing business in the State of California with offices in Orange County and elsewhere in

28  California.

- 4 -

CLASS ACTION COMPLAINT

EXHIBIT 1
-17-

21.     HSS directly employs, and since October 2010 has employed and exercised control over the wages, hours and/or working conditions of Plaintiff and members of the Plaintiff Class employed as non-exempt security guard/officer positions within California.

22.     Those Defendants identified as DOES 1 through 10, inclusive, are and were, at all relevant times mentioned herein, officers, directors, partners, and/or managing agents of or more of the other defendants.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, each of the Defendants identified as DOES 1 through 10, inclusive, employed and/or exercised control over the wages, hours and/or working conditions of Plaintiffs and members of the Plaintiff Class at various locations in California.

23.     The true names and capacities of those Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as "DOES" when such identities become known.

24.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants acted in all respects pertinent to this action as the agent or employee of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and therefore the acts of each of the Defendants are legally attributable to the other Defendants.  Defendants in all respects acted as the Employer and/or joint Employer of Plaintiff and members of the Plaintiff Class.

### IV.  FACTUAL BACKGROUND

25.     HSS is a domestic corporation employing unit that contracts with its customers to supply security guard officers to perform observe and report security guard duties.  HSS hires its security guards/officers to work at client locations throughout California.

26.     On information and belief, HSS negotiates with its customers the time and place and locations the security guards are to perform their duties, as well as the quality and price of the

- 5 -
CLASS ACTION COMPLAINT

EXHIBIT 1
-18-

security guard services.

27.    On information and belief, HSS determines the assignments of its security guards, and retains the authority to assign or reassign a security guard from one customer location to another and also retains the right to hire and terminate is security guards.

28.    In said position, Plaintiff and the members of the Plaintiff Class of security guards are paid on an hourly basis and paid bi-weekly by Defendants.

29.    These employees have not been provided "rest periods" for work periods of four (4) hours or major fractions thereof, or off duty "meal periods" for work shifts in excess of five (5) hours, and were not compensated one hour's wages in lieu thereof.

30.    At all times relevant hereto, Plaintiff, and the members of the Plaintiff Class, were and are non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the California Wage Code ("IWC").

31.    Plaintiff, and the members of the Plaintiff Class, were regularly required to work in excess of three and one-half (3½) hours without being permitted and authorized to take a paid rest period and were regularly required to work in excess of five (5) hours per day, without being provided an off duty meal period.

32.    HSS did not properly or fully compensate Plaintiffs for the failure to provide rest periods and meal periods during the Class Period.  HSS's requirement that Plaintiff work all hours at the regular rate of pay and work through meal and rest periods without paying one (1) hour of compensation for failure to provide rest or meal periods was willful and deliberate.

33.    HSS willfully failed to pay one (1) hour wages in lieu of rest and meal periods, when each employee quit or was discharged.

34.    HSS willfully failed to provide itemized statements to security guard/officers employees setting forth all meal and rest period premium wages.

35.    HSS willfully failed to pay its non-exempt security guards weekly as opposed to bi-weekly pursuant to Labor Code 201.3

36.    Plaintiff and the proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001, 4-2000, 4-1998, California Industrial Welfare

- 6 -
CLASS ACTION COMPLAINT

EXHIBIT 1
-19-

1  Commission in No. 4 (Title 8 California Code of Regulations §§ 11040, 11070) or other applicable

2  Wage Order(s).

3  **V.    CLASS ACTION ALLEGATIONS**

4  37.    Plaintiff brings this action as a Class Action pursuant to § 382 of the Code of Civil

5  Procedure, on behalf of himself and on behalf of all persons proximately damaged by HSS's

6  conduct, including, but not necessarily limited to, the following "Plaintiff Class":

7  All persons who have been employed by HSS, Inc. in a non-exempt security
   guard/officer position within the State of California at any time between
8  October 30, 2010 through the trial date.

9  Sub-Class 1, 2, and 3:

10  All persons who have been employed by HSS in a non-exempt security
    guard/officer position within the State of California at any time between
11  October 30, 2011 and have separated their employment.

12  All persons who have been employed by HSS in a non-exempt security
    guard/officer position within the State of California at any time between
13  October 30, 2013 and have been provided a wage statement.

14  All persons who have been employed by HSS in a non-exempt security
    guard/officer position within the State of California at any time between
15  October 30, 2011 and have been paid on a bi-weekly basis by HSS.

16  38.    Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend

17  or modify the class description with greater specificity or further division into subclasses or

18  limitation to particular issues.

19  39.    This action has been brought and may properly be maintained as a class action

20  under the provisions of § 382 of the Code of Civil Procedure, because there is a well-defined

21  community of interest in the litigation and the proposed class is easily ascertainable.

22  **A.    NUMEROSITY**

23  40.    A class action is the only available method for the fair and efficient adjudication of

24  this controversy.  The members of the proposed class are so numerous that joinder of all members

25  would be impracticable, if not impossible, in that insofar as Plaintiff is informed and believes, and

26  on that basis alleges, that HSS currently employs hundreds of security guards/officers in California

27  and has employed hundreds more during the Class Period.  The identity of the members of the

28

- 7 -

CLASS ACTION COMPLAINT

EXHIBIT 1
-20-

1    Class is readily ascertainable by review of HSS's records.

2          41.    Accounting for employee turnover during the Class Period necessarily increases the

3    number of potential class members substantially.  Plaintiff is informed and believes, and thereon

4    alleges, that HSS's employment records would provide information as to the number and location

5    of all proposed class members.  Joinder of all members of the proposed Class is not practicable. B.

6    **B.    COMMONALITY**

7          42.    The subject matter of this action, both as to factual matters and matters of law is

8    such that there are common questions of law and fact among the class which predominate over

9    questions affecting only individual members including, among other things, the following:

10              a.    Whether HSS violated Labor Code § 226.7, the applicable IWC Wage

11   Orders, and California Code Regulations, Title 8, Section 11040 by failing to authorize and permit

12   Plaintiff and members of the Plaintiff Class to take paid rest periods for every four (4) hours or

13   major fraction thereof worked and failing to compensate said employees one (1) hours wages in

14   lieu of rest periods (and whether HSS's uniformly administered corporate policies and business

15   practices encouraged the violation of said laws and regulations);

16              b.    Whether HSS violated Labor Code §§ 226.7 and 512, the applicable IWC

17   Wage Orders, and California Code Regulations, Title 8, Section 11040 by failing to provide

18   Plaintiff and members of the Plaintiff Class meal periods on days they worked in excess of five (5)

19   hours and failing to compensate said employees one (1) hour's wages in lieu of meal periods (and

20   whether Defendants' uniformly administered corporate policies and business practices encouraged

21   the violation of said laws and regulations);

22              c.    Whether HSS violated Labor Code § 201.3 by failing to pay the non-exempt

23   security guard employees weekly;

24              d.    Whether HSS violated Labor Code § 203 and the applicable IWC Wage

25   Orders, and California Code Regulations, Title 8, Section 11040 by failing to timely pay all wages

26   due and owing to Plaintiff and the Class Members upon separation from Defendants' employ;

27              e.    Whether HSS violated Labor Code § 226 and the applicable IWC Wage

28   Orders, and California Code Regulations, Title 8, Section 11040 by failing to provide accurate

- 8 -
CLASS ACTION COMPLAINT

EXHIBIT 1
-21-

itemized wage statements to Plaintiff and the Class Members upon separation from Defendants' employ;

        f.     Whether HSS violated Labor Code § 204 by failing to record inclusive dates for retroactive pay on wage statements;

        g.     Whether HSS violated § 17200 *et seq.* of the Business & Professions Code by failing to provide meal periods to Plaintiff and members of the Plaintiff Class;

        h.     Whether HSS violated § 17200 *et seq.* of the Business & Professions Code by failing to permit and authorize Plaintiff and members of the Plaintiff Class to take paid rest periods;

        i.     Whether HSS violated § 17200 *et seq.* of the Business & Professions Code by failing to compensate Plaintiff and members of the Plaintiff Class one (1) hour's wages in lieu of meal and/or rest periods;  and

        j.     Whether Plaintiff and the members of the Plaintiff Class are entitled to equitable relief pursuant to Business & Professions Code § 17200 *et seq.*

**C.    TYPICAL CLAIMS**

    43.    The claims of the Plaintiff are typical of the claims of the Plaintiff Class.  The claims of Plaintiff and members of the Plaintiff Class arise out of and/or were caused by HSS's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D.    ADEQUACY OF REPRESENTATION**

    44.    Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment Class actions and there are no individualized defenses.

**E.    SUPERIORITY OF CLASS ACTION**

    45.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class.  Each member of the proposed

EXHIBIT 1
-22-

Class has been damaged and is entitled to recovery by reason of HSS's illegal policy and/or practice of denying members of the Plaintiff Class rest periods and meal periods without legal compensation, failing to reimburse expenses and timely paying wages.

46.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

47.    The California Labor Code and Wage Order provisions upon which Plaintiff bases the claims are broadly remedial in nature. These laws and labor standards serve as an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average worker from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the laws available to Plaintiff and members of the Plaintiff Class sought to represent make a class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.

48.    This action involves a corporate employer that employs hundreds of security guards/officers in the State of California each with a relatively small claim. If each employee were required to file an individual lawsuit, HSS would necessarily gain an unconscionable advantage as it would be able to exploit and overwhelm the limited resources of each individual plaintiff with HSS's vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims of employees who would be disinclined to file an action against their current/former employer for real and justifiable fear of retaliation and permanent damage to their careers and subsequent employment.

49.    Prosecution of separate actions by individual members of the Plaintiff Class identified herein, even if possible, would create a substantial risk of: (1) inconsistent or varying adjudications with respect to individual Class Members against HSS which would establish potentially incompatible standards of conduct for HSS; and/or (2) adjudications with respect to the individual members of the Plaintiff Class identified herein which would, as a practical matter, be

- 10 -
CLASS ACTION COMPLAINT

EXHIBIT 1
-23-

1    dispositive of the interests of other Class Members who are not parties to the adjudication or which

2    substantially impair or impede the ability of the class members to protect their interest.

3

### FIRST CAUSE OF ACTION

4

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

5    (Against HSS and Does 1-10)

6       50.     Plaintiff repeats, realleges and incorporates herein by reference each and every

7    allegation set forth above as though set forth herein in full.

8       51.     At all relevant times, HSS was aware of and was under a duty to comply with

9    California Labor Code §§ 226.7 and 512, as well as the applicable Wage Orders of the Industrial

10    Welfare Commission.

11       52.     Labor Code § 226.7 and the applicable Wage Orders of the Industrial Welfare

12    Commission provide that if an employer fails to provide a non-exempt employee with an

13    appropriate off duty meal period, the employer must pay the employee one (1) hour of pay at the

14    employee's regular rate of compensation for each work day that the meal period is not provided.

15       53.     Pursuant to the policies and business practices of HSS, members of the Plaintiff

16    Class, including Plaintiff, were not regularly provided adequate meal periods as required by

17    California law and were not compensated by HSS for each work day that adequate meal periods

18    were not provided.

19       54.     HSS failed to provide members of the Plaintiff Class, including Plaintiff, with

20    timely off duty meal periods of not less than thirty (30) minutes as required by the Labor Code

21    during the Class Period.

22       55.     By failing to regularly provide timely uninterrupted and unrestricted meal periods,

23    during which members of the Plaintiff Class were relieved of all duty, HSS violated California

24    Labor Code §§ 226.7 and 512, as well as the applicable Wage Orders of the Industrial Welfare

25    Commission.

26       56.     As a direct and proximate result of HSS's unlawful conduct, as set forth herein, the

27    members of the Plaintiff Class, including Plaintiff, are entitled to unpaid wages and interest

28    pursuant to statute, all in a sum to be established at trial. As a further and direct result of HSS's

- 11 -

CLASS ACTION COMPLAINT

EXHIBIT 1
-24-

unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are entitled to recover various penalties as well as costs and attorneys' fees pursuant to statute, all in a sum to be established at trial.

### SECOND CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST PERIODS OR PROVIDE COMPENSATION IN LIEU THEREOF

(Against HSS and Does 1-10)

57.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above as though fully set forth herein.

58.     At all relevant times, HSS was aware of and was under a duty to comply with California Labor Code §§ 226.7, as well as the applicable Wage Orders of the Industrial Welfare Commission.

59.     Labor Code § 226.7 and the applicable Wage Orders of the Industrial Welfare Commission provide that if an employer fails to authorize and permit a non-exempt employee to take an appropriate paid rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

60.     Pursuant to the policies and business practices of HSS, members of the Plaintiff Class, including Plaintiff, were not regularly authorized and permitted by HSS to take adequate rest periods as required by California law and did not receive compensation for each work day that adequate rest periods were not authorized and permitted by HSS.

61.     HSS failed to provide members of the Plaintiff Class, including Plaintiff, with timely rest periods of not less than ten (10) minutes per four (4) hours or major fraction thereof worked as required by the Labor Code during the Class Period.

62.     By failing to regularly provide uninterrupted rest periods, during which members of the Plaintiff Class were relieved of all duty, HSS violated California Labor Code § 226.7 as well as the applicable Wage Orders of the Industrial Welfare Commission.

63.     As a direct and proximate result of HSS's unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are entitled to unpaid wages and interest

- 12 -

CLASS ACTION COMPLAINT

EXHIBIT 1
-25-

1  pursuant to statute, all in a sum to be established at trial.  As a further and direct result of HSS's

2  unlawful conduct, as set forth herein, the members of the Plaintiff Class, including Plaintiff, are

3  entitled to recover various penalties as well as costs and attorneys' fees pursuant to statute, all in a

4  sum to be established at trial.

5              **THIRD CAUSE OF ACTION**

6         **FAILURE TO TIMELY PAY WAGES §§ 201-203.**

7              (Against HSS and Does 1-10)

8       64.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation

9  set forth above, as though fully set forth herein.

10      65.    Labor Code §§201-202 requires an employer who discharges an employee to pay

11 compensation due and owing to said employee immediately upon discharge and that if an

12 employee voluntarily leaves his or her employment, his or her wages shall become due and payable

13 not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72)

14 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or

15 her wages on their last day of work.  Labor Code §203 provides that if an employer willfully fails

16 to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the

17 employer is liable for waiting time penalties in the form of continued compensation for up to thirty

18 (30) work days.

19      66.    During the relevant time period, Defendants willfully failed and refused, and

20 continue to willfully fail and refuse, to pay Plaintiff and members of the Waiting Time Subclass

21 their earned and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of

22 their voluntarily leaving Defendants' employ.  These wages include the meal and rest break period

23 premiums, but upon separation Defendants failed to pay wages due and owing within the time

24 frame specified by Labor Code §§201-202.

25      67.    Defendants' willful failure to pay Plaintiff and Waiting Time Subclass Members

26 their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their

27 voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

28      68.    As a result, Defendants are liable to Plaintiff and members of the Waiting Time

- 13 -

CLASS ACTION COMPLAINT

EXHIBIT 1
-26-

1   Subclass for waiting time penalties pursuant to Labor Code §203, in an amount according to proof

2   at the time of trial.

3                          **FOURTH CAUSE OF ACTION**

4                   **FAILURE TO TIMELY PAY WAGES LC § 201.3**

5                          (Against HSS and Does 1-10)

6        69.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation

7   set forth above, as though fully set forth herein.

8        70.    Pursuant to Labor Code section 201.3, ".......wages for work performed during any

9   calendar week shall be due and payable not later than the regular payday of the following calendar

10  week.

11       71.    On information and belief, by Defendants failing to pay Plaintiff and the non-

12  exempt security guards weekly as alleged herein, Defendant failed to pay wages due and owing

13  within the time limits provided for in LC §201.3.

14       72.    As a result, Plaintiff and Class Members have not been paid wages are owed

15  penalties pursuant to LC 2698, et. seq.

16                          **FIFTH CAUSE OF ACTION**

17            **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENT**

18                          (Against HSS and Does 1-10)

19       73.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation

20  set forth above, as though fully set forth herein.

21       74.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage

22  statements all deductions from payment of wages and to accurately report total hours worked by

23  Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other

24  things.  Defendants have knowingly and intentionally failed to comply with Labor Code section

25  226 and 204 on wage statements that have been provided to Plaintiff and the Class.

26       75.    IWC Wage Orders require Defendants to maintain time records showing, among

27  others, when the employee begins and ends each work period, meal periods, split shift intervals and

28  total daily hours worked in an itemized wage statement, and must show all deductions and

                                    - 14 -
                            CLASS ACTION COMPLAINT

EXHIBIT 1
-27-

1   reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

2   the Class.  On information and belief, Defendants have failed to record all or some of the items

3   delineated in Industrial Wage Orders and Labor Code §226.

4          76.    Defendants have also failed to accurately record the inclusive pay period dates for

5   the retroactive pay, as well as the meal and rest period premiums owed.

6          77.    Plaintiff and the Class have been injured as they were unable to determine whether

7   they had been paid correctly for all hours worked per pay period among other things.

8          80.    Pursuant to LC section 226, Plaintiff and the Class are entitled up to a maximum of

9   $4,000 each for record keeping violations.

10                          **SIXTH CAUSE OF ACTION**

11                 **VIOLATIONS OF UNFAIR COMPETITION LAWS**

12                          (Against HSS and Does 1-10)

13         81.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation

14   set forth above, as though fully set forth herein.

15         82.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

16   within the meaning of Business & Professions Code § 17200, et seq.  Due to their unlawful and

17   unfair business practices in violation of the Labor Code, Defendants have gained a competitive

18   advantage over other comparable companies doing business in the State of California that comply

19   with their obligations to properly pay employees for all earned wages as required by law.

20         83.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the

21   Class have suffered injury in fact and lost money or property.  Plaintiff and the Class have been

22   deprived of their rights to wages due as alleged herein.

23         84.    Pursuant to Business & Professions Code § 17203, Plaintiff and the Class are

24   entitled to restitution of all wages and other monies owed and belonging to them, including interest

25   thereon, that Defendant wrongfully withheld from them and retained for itself by means of its

26   unlawful and unfair business practices.

27         85.    Plaintiff and the Class are entitled to recover reasonable attorneys' fees pursuant to

28   Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund

- 15 -
CLASS ACTION COMPLAINT

EXHIBIT 1
-28-

1    doctrine.

2                                **RELIEF REQUESTED**

3        **WHEREFORE,** Plaintiff prays for the following relief:

4        1.    That the Court determine that this action may be maintained as a class action or

5    actions;

6        2.    That Plaintiff's attorneys be named class counsel;

7        3.    That the Court declare that Defendants' policies and practices violate California

8    law, including but not limited to, the Labor Code;

9        4.    That the Court declare that Defendants' conduct as alleged herein violated Labor

10   Code §§ 201-204, 226, 226.7, and 512, the California Code of Regulations, Title 8, Section 11040,

11   and the applicable Wage Orders;

12       5.    That the Court declare that Defendants engaged in unfair competition in violation of

13   California Business and Professions Code § 17200 *et seq.*

14       6.    That the Court enter an order against Defendants for compensatory damages in an

15   amount according to proof with interest thereon;

16       7.    That the Court enter an order against Defendants for economic and/or special

17   damages in an amount according to proof with interest thereon;

18       8.    That the Court enter an order that each of the Defendants be ordered and enjoined to

19   make restitution to the Class(es) due to their unfair competition, including specifically the

20   restitution of all the wages and benefits wrongfully retained by Defendants, pursuant to California

21   Business and Professions Code §§ 17203 and 17204;

22       9.    That the Court enter an order against each of the Defendants enjoining each of them

23   from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

24       10.   That the Court enter an order against each of the Defendants enjoining each of them

25   from further acts of restraint of trade or unfair competition;

26       11.   That the Court enter an order against Defendants for premium wages pursuant to

27   Labor Code §§ 226 and 226.7 and all other applicable Labor Code Sections;

28       12.   That the Court enter an order against Defendants imposing all statutory and/or civil

---

- 16 -
CLASS ACTION COMPLAINT

EXHIBIT 1
-29-

1    penalties provided by law;

2        13.    That the Court enter an order against Defendants awarding to Plaintiffs and the

3    members of the Plaintiff Class reasonable attorneys' fees, costs, and interest thereon;

4        14.    And all such other and further relief as the Court deems just and proper.

5    <u>**DEMAND FOR JURY TRIAL**</u>

6        Plaintiff hereby demands a jury trial on all causes of actions and claims to which there is a

7    right to jury trial.

8

9    Dated: October 28, 2014                JAMES R. HAWKINS, APLC

10

11                                          By: _____

12                                              JAMES R. HAWKINS
                                                GREGORY MAURO
13                                              Attorneys for Plaintiff DANIEL SCOTT
                                                and the Plaintiff Class

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -
CLASS ACTION COMPLAINT

EXHIBIT 1
-30-

# JAMES *JEH* HAWKINS

### A PROFESSIONAL LAW CORPORATION
9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

October 30, 2014

Via Certified Mail

**Labor and Workforce Development Agency**
Attn: PAGA Administrator
455 Golden Gate Ave., 9th Floor
San Francisco, CA 94102
Receipt No. 70131090000158575453

HSS Inc.
Agent for Service: CSC Lawyers Incorporating Services
2710 Gateway Oaks Dr., Ste 150N
Sacramento, CA 95883
Receipt No. 70131090000158575460

**Re:    NOTICE PURSUANT TO LABOR CODE SECTIONS 2698, *et seq.***

To Whom It May Concern:

PLEASE TAKE NOTICE that plaintiff, Daniel Scott on behalf of himself and all others similarly situated, gives NOTICE to commence and/or amend a civil action pursuant to Labor Code Sections 2698, *et seq.* Plaintiff hereby gives written notice by certified mail to the Labor and Workforce Development Agency and to HSS, Inc.

Plaintiff hereby attaches a copy of the Complaint filed in Orange County Superior Court as though fully set forth herewith, setting out the specific provisions of the Labor Code plaintiff alleges have been violated, including the facts and his theories. All labor provisions in the Complaint alleged to have been violated pertain to all entities and individuals names in the Complaint, even if not expressly specified.

Please advise within thirty (30) days of the post mark on this letter if the LWDA intends to investigate these claims. Thank you, and if you have any questions, please do not hesitate to contact me.

Very Truly Yours,

Gregory Mauro

Enclosure:  Complaint

EXHIBIT 1
-31-