UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: SACV 14-01911-JLS (RNBx)　　　　　　　　Date: April 15, 2015
Title: Daniel Scott v. HSS Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

　Terry Guerrero　　　　　　　　　　　　　　N/A
　Deputy Clerk　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:
　　Not Present　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　(IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 27)**

　　　Before the Court is a Motion to Compel Individual Arbitration and Dismiss Plaintiff's First Amended Complaint filed by Defendant HSS, Inc.  (Mot., Doc. 27.)  Plaintiff Daniel Scott filed an Opposition, and Defendant replied.  (Opp'n, Doc. 30; Reply, Doc. 32.)  Having considered the parties' briefs and heard oral argument, the Court DENIES Defendant's Motion.

**I.　BACKGROUND**

　　　On October 30, 2014, Plaintiff Daniel Scott filed this lawsuit in Orange County Superior Court against Defendant HSS, Inc.  (Compl., Doc. 1-1.)  On December 3, 2014, Defendant removed the matter to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA").  (Notice of Removal, Doc. 1.)  On December 17, 2014, Plaintiff filed his First Amended Complaint ("FAC").  (FAC, Doc. 23.)
　　　Plaintiff worked for Defendant as a security guard/officer until approximately May

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 14-01911-JLS (RNBx)                                      Date:  April 15, 2015
Title:  Daniel Scott v. HSS Inc. et al.

2014.[1]   (FAC ¶ 13.)  On May 16, 2013, Plaintiff signed a document entitled "Responsive Resolution Program: Alternative Dispute Resolution - HSS Arbitration Agreement" with Defendant.  (Mack Decl., Ex. A, "Agreement," Doc. 27-1.)  The Agreement states in relevant part:

> [T]o provide for more expeditious resolution of certain employment-related disputes that may arise between HSS and its employees, HSS has instituted a mandatory mediation and arbitration procedure (the Responsive Resolution Program ["RRP"]) for all employees.  Under the Procedure, certain disputes that may arise from your employment with HSS or the termination of your employment must (after appropriate attempts to resolve your dispute internally through the Problem-Solving Procedure) be submitted for resolution by non-binding mediation and, if necessary, mandatory arbitration. . . .  In exchange for your agreement to submit these disputes to mediation and (if necessary) binding arbitration, HSS likewise agrees to the use of mediation and arbitration as the exclusive forum for resolving employment disputes covered by this Agreement.  Hence, the parties shall be precluded from bringing or raising in court or another forum any dispute that was or could have been brought or raised under the procedures set forth in this Agreement.

(Id. at 1.)  The Agreement further states:

> The parties agree to follow the multi-step process outlined in the RRP, which begins with the claims review, then mediation and, if necessary, culminates in the use of binding arbitration.  In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules

---

[1] When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 5 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 14-01911-JLS (RNBx)　　　　　　　　Date: April 15, 2015
Title: Daniel Scott v. HSS Inc. et al.

>　for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by HSS's RRP. . . .  A copy of the RRP Arbitration Rules is attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org.  In the event of a conflict between the RRP Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RRP Arbitration Rules will control.

(Id. at 2.)

　　　Plaintiff asserts the following claims against Defendant: (1) failure to provide meal periods or compensation in lieu thereof under California Labor Code § 226.7 and § 512; (2) failure to authorize and permit rest periods or provide compensation in lieu thereof under California Labor Code § 226.7; (3) failure to timely pay wages under California Labor Code §§ 201-203; (4) failure to timely pay wages under California Labor Code § 201.3; (5) failure to provide accurate itemized wage statement under California Labor Code § 226(a); (6) violations of unfair competition laws under Business & Professions Code § 17200, et seq.; and (7) a representative action under the Private Attorney General Act of 2004 ("PAGA").  (FAC ¶¶ 47-95.)

　　　On February 6, 2015, Defendant filed the present Motion to enforce the Agreement.  (Mot.)  Plaintiff opposed its enforcement on a variety of grounds.  (Opp'n.)

**II.　LEGAL STANDARD**

　　　Congress enacted the Federal Arbitration Act ("FAA") "in 1925 as a response to judicial hostility to arbitration."  *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 668 (2012).  The FAA provides that an agreement to submit commercial disputes to arbitration shall be "valid, irrevocable, and enforceable."  9 U.S.C. § 2.  "The court's role under the Act is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 14-01911-JLS (RNBx)　　　　　　　　　Date:  April 15, 2015
Title:  Daniel Scott v. HSS Inc. et al.

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24-25 (1983), *superseded by statute on other grounds*.  But "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am*., 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co*., 363 U.S. 574, 582 (1960)).  The FAA reflects "both a liberal federal policy favoring arbitration . . . and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (citations and quotation marks omitted).  "Arbitration agreements may 'be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'" *In re Gateway LX6810 Computer Prods. Litig*., No. SACV 10-1563-JST (JEMx), 2011 WL 3099862, at *1 (C.D. Cal. July 21, 2011) (quoting *Concepcion*, 131 S. Ct. at 1746).

　　　　In these analyses, a court may consider evidence outside of the pleadings, such as declarations and other documents filed with the court, using "a standard similar to the summary judgment standard of [Federal Rule of Civil Procedure 56]." *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d. 796, 804 (N.D. Cal. 2004); *see also Hadlock v. Norwegian Cruise Line, Ltd.*, No. 10-0187-AG (ANx), 2010 WL 1641275, at *1 (C.D. Cal. Apr. 19, 2010); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1104 n.1 (9th Cir. 2010) ("We take . . . facts from the First Amended Complaint, on file in the district court, and declarations filed in support of and in opposition to the motion to dismiss.  All are part of our record.").

**III.　DISCUSSION**

　　　　As noted above, the two gateway questions for the Court are: (1) whether a valid agreement to arbitrate exists; and (2) whether the agreement encompasses the dispute at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 14-01911-JLS (RNBx)                              Date: April 15, 2015
Title: Daniel Scott v. HSS Inc. et al.

issue. *Chiron*, 207 F.3d at 1130. Plaintiff contends that the Agreement is invalid and unenforceable because (1) the Agreement fails to identify what "certain disputes" are subject to arbitration; (2) the RRP rules, which are incorporated in and central to the Agreement, do not exist; and (3) the Agreement is procedurally and substantively unconscionable. (Opp'n at 1-9.)

### A. Whether a Valid Agreement to Arbitrate Exists

Plaintiff argues that Defendant's motion to compel arbitration must fail because "[t]he alleged arbitration Agreement is so fundamentally flawed so [sic] as not to be able to demonstrate that a meeting of the minds existed at the time the alleged Agreement was entered so as to know which 'certain disputes' are subject to arbitration or which 'procedures' are to be followed." (Opp'n at 2.)

The Arbitration Agreement states that "certain disputes that may arise from your employment with HSS or the termination of your employment must (after appropriate attempts to resolve your dispute internally through the Problem-Solving Procedure) be submitted for resolution by non-binding mediation and, if necessary, mandatory arbitration." (Agreement at 1.) Plaintiff's wage and hour claims against Defendant are undoubtedly related to Plaintiff's employment with Defendant. However, the Agreement simply specifies that "certain disputes" must be submitted to mediation and/or arbitration. (Id.) The Agreement fails to provide any detail regarding the meaning of "certain disputes." (Id.) Defendant addresses this key issue only in a footnote in its Reply, arguing that "[t]he Arbitration Agreement references 'certain' disputes rather than 'all' disputes simply because there are some employment disputes that, by law, cannot be submitted to arbitration, Therefore, the reference to 'certain' disputes is no different than the phrase 'to the extent permitted by law.'" (Reply at 6 n.2.) Defendant's argument, however, is unavailing, and the Court therefore finds that no valid agreement to arbitrate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 14-01911-JLS (RNBx)                                        Date:  April 15, 2015
Title:  Daniel Scott v. HSS Inc. et al.

exists.  This is true whether the Court were to apply Colorado or California law.[2]

"Generally, courts should apply ordinary state-law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute. *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 475 (10th Cir. 2006) (internal quotation marks and citation omitted).  Under Colorado law, a contract requires a "meeting of the minds." *See Schulz v. City of Longmont, Colo.*, 465 F.3d 433, 438 n.8 (10th Cir. 2006) (quoting *Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1192 (Colo. 2001)) (internal quotation marks omitted).  "[T]he party seeking to enforce an alleged arbitration agreement must show a meeting of the minds necessary for the existence of an enforceable agreement and prove the terms of the agreement." *Vescent, Inc. v. Prosun Int'l, LLC*, No. 10-CV-01103-WYD-CVS, 2010 WL 4658862, at *3 (D. Colo. Nov. 9, 2010).  "If the parties fail to agree to sufficiently definite and certain terms, there is no meeting of the minds and, hence, no valid contract." *Schmidt v. Frankewich*, 819 P.2d 1074, 1077 (Colo. App. 1991).  "All material terms must be agreed to in order for a contract to be valid." *Vescent, Inc.*, 2010 WL 4658862, at *3.  "Where one party may have intended a certain obligation, and the other party intended a different one, and from the wording of the instrument itself there is no rule by which the true intention can be determined, no contract results." *Newton Oil Co. v. Bockhold*, 176 P.2d 904, 908 (Colo. 1946).  "Essential terms to an arbitration agreement have been held to include the intent to arbitrate (that the parties firmly desired to resolve all disputes without resort to litigation), the scope of the arbitration (what claims or controversies would be arbitrated), binding rules for the arbitration and the effect of the arbitration ruling (whether it is binding on the parties)." *Vescent, Inc.*, 2010 WL 4658862, at *3 (citing *Williams v. Alumni Assoc. of Univ. of Kansas*, No. 98,217, 2008 WL 3367599, at *3-4 (Kan. App. 2008)).

Under California law, a contract requires (1) parties capable of contracting , (2)

---

[2] The Agreement states that "[a]ny claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose.  This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Colorado."  (Agreement at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 14-01911-JLS (RNBx)            Date: April 15, 2015
Title: Daniel Scott v. HSS Inc. et al.

mutual consent or assent between the parties, (3) a lawful object, and (4) sufficient consideration. Cal. Civ. Code § 1550. "Mutual consent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions of understandings." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006) (quoting *Alexander v. Codemasters Grp. Ltd.*, 104 Cal. App. 4th 129, 141 (2002)). Mutual consent "cannot exist unless the parties 'agree upon the same thing in the same sense.'" *Id.* at 698. "If there is no evidence establishing a manifestation of assent to the 'same thing' by both parties, then there is no mutual consent to contract and no contract formation." *Id.* at 698-99; *Robinson & Wilson, Inc. v. Stone*, 35 Cal. App. 3d 396, 407 (1973) ("[I]t is requisite to enforceability that [a contract] must evidence a meeting of the minds upon the essential features of the agreement, and that the scope of the duty and limits of acceptable performance be at least sufficiently defined . . . ."). "Without mutual assent, there is no contract." *Merced Cnty. Sheriff's Emps. Assn. v. Cnty. of Merced*, 188 Cal. App. 3d 662, 670 (1987).

       Here, despite Defendant's arguments to the contrary, a reasonable person would not construe the phrase "certain disputes" to mean "to the extent permitted by law." Thus, the Court cannot determine whether the parties intended the Agreement to cover the wage and hour claims at issue in the present case. As a result, the reasonable meaning of the words "certain disputes" in the Agreement fails to evidence a meeting of the minds.

       Plaintiff also argues that the Agreement is invalid and unenforceable because the RRP rules were not provided to Plaintiff, and, in fact, do not exist. (Opp'n at 1.) In response, Defendant argues that "it is clear from the balance of the Agreement that 'attached' simply means the Responsive Resolution Program is incorporated into the Agreement." (Reply at 7.) Defendant asserts that, in fact, "[t]he Arbitration Agreement and Responsive Resolution Program are one and the same." (Reply at 8.) The Court once again finds Defendant's explanation to be without merit and contrary to a plain reading of the Agreement.

       First, the heading of the document indicates that it is one part of an overall

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: SACV 14-01911-JLS (RNBx) | Date: April 15, 2015 |
| Title: Daniel Scott v. HSS Inc. et al. | |

program, the RRP. As confirmation of that, the language throughout the document references "[t]his Agreement." On the other hand, it does not reference "this RRP." Instead, it references "the RRP" as if it were a separate document. Specifically, the Agreement provides that "[t]he parties agree to follow the multi-step process outlined in the RRP . . . [and i]n the event of a conflict between the RRP Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RRP Arbitration Rules will control." (Agreement at 2.)

Further, the Agreement unambiguously states that "[a] copy of the RRP Arbitration Rules is attached." (Id.) The argument that "attached" is synonymous with the notion that the RRP and the Agreement are "one and the same" is close to frivolous. Nor would any reasonable person construe the term "attached" to mean "incorporated." In fact, Defendant's counsel informed Plaintiff's counsel that "that there is not a separate set of 'RRP Arbitration Rules.'" (Mauro Decl., Ex. A, Doc. 30-1; Mauro Decl. ¶ 2, Doc. 30-1.) Thus, the fact that the rules that purport to govern arbitration do not even exist further supports the Court's decision to deny Defendant's motion to compel arbitration. Without the RRP rules, which purport to be incorporated in and central to the Agreement, the Court cannot determine what procedures the parties allegedly agreed to follow, let alone the "certain disputes" that are covered by the Agreement.

Accordingly, the Court finds that no valid arbitration exists because there was no meeting of the minds.

### B. Whether the Agreement Encompasses the Dispute at Issue

Because the Court has found that a valid arbitration agreement does not exist, the Court need not address the parties' arguments regarding the scope of the Agreement. *See Vescent, Inc.*, at *5.

Defendant's motion to compel arbitration is denied.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 14-01911-JLS (RNBx)          Date:  April 15, 2015
Title:  Daniel Scott v. HSS Inc. et al.

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion.

Initials of Preparer:  tg