JS-6

1

2

3

4

5

6

7

8

9               UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11 | DANIEL SCOTT, individually and on         Case No. 8:14-CV-01911-JLS-RNB
    behalf of other members of the public
12 | similarly situated,

13                  Plaintiff,                 **FINAL JUDGMENT**

14        v.

15 | HSS INC., and DOES 1 through 10,
    inclusive,
16
                    Defendants.
17

18

19        This matter, having come before this Court on Plaintiff's Motion for Final

20 Approval of Class Action Settlement, with adequate notice having been given as

21 required in the Court's Order Granting Preliminary Approval of Joint Stipulation of

22 Settlement and Release ("Preliminary Approval Order"), and the Court having

23 considered all papers filed and proceedings had herein, and good cause appearing

24 therefor, it is hereby ORDERED that:

25        The Court has jurisdiction over the subject matter of the action, the

26 Defendant, and the Plaintiff;

27        Plaintiffs' Motion for Final Approval of Settlement, and Plaintiffs' Motion for

28 Attorneys' Fees and Costs is hereby granted.

All terms used herein shall have the same meaning as given them in the Settlement.

The Court hereby certifies the Class during the Settlement Class Period as set forth in the Settlement, for purposes of this Settlement only.

The Court finds that the Notice of Class Action Settlement provided to the Class pursuant to the Preliminary Approval Order fully and accurately informed all Class Members of the material elements of the proposed settlement, constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members;

The Court grants final approval of the settlement as fair, reasonable and adequate in all respects, determines that the settlement was made in good faith and in the best interests of the Parties, and orders the Parties to consummate the settlement in accordance with the terms of the Amended Joint Stipulation of Settlement and Release ("Settlement Agreement");

The Court hereby finds the monetary settlement of $888,428.89 plus the payment of employer-side payroll taxes on the wage component of Individual Settlement Payments provided for in the Settlement to be fair, reasonable, and adequate.

The Court hereby confirms as Class Counsel James Hawkins and Gregory Mauro of James Hawkins, APLC.

The Court approves payment of $41,000 to Simpluris, Inc., the appointed Claims Administrator, for the services it has rendered and will render in administering the settlement as described more fully in the Settlement Agreement;

The Court approves payment of $18,750 to the California Labor & Workforce Development Agency as its share of penalties pursuant to the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.*;

The Court approves payment of $222,107.07 in Attorneys' Fees to James Hawkins, APLC and litigation costs in the amount of $30,000.

The Court hereby confirms Plaintiff as the class representatives and orders payment of $4,000 to the named Plaintiff for his service as the representative and for his release of claims contained in the Settlement.

The Court approves Class Members having one hundred and twenty (120) days from the date of the check's issuance to cash their Individual Settlement Payment check.

Named Plaintiff and each of the members of the Class shall, to the extent stated in the Settlement Agreement and any amendments thereto, be deemed to have, and by operation of the Settlement Agreement and this Order, fully, finally, and forever release, relinquish and discharge all Released Claims against each and all of the Released Parties. In addition to the foregoing release, Named Plaintiff shall be bound by the general release of all claims as stated in the Settlement Agreement.

To the extent stated in the Settlement Agreement, all members of the Class are forever barred and enjoined from prosecuting any and all of the Released Claims against any and all of the Released Parties. Named Plaintiff shall also be bound by the general release of all claims as stated in the Settlement Agreement. Neither the Settlement Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) shall be offered in evidence or alleged in any pleading by any party hereto, Defendant's counsel or Class Counsel for any purpose adverse to the Released Parties. Notwithstanding these restrictions, the Released Parties may file the Settlement Agreement and/or this Order in any other action that may be brought

against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

The Court further orders that the deadline for filing a report regarding the distribution of funds pursuant to the Settlement Agreement is April 30, 2018.

Without affecting the finality of the Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the action and the Parties for purposes of supervising the implementation, enforcement, construction, administration and effectuation of this Order, Final Judgment and the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: December 18, 2017        _____

Hon. Josephine L. Staton
U.S. District Judge